IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GUARDADO,<br><br>    Plaintiff,<br><br>v.<br><br>WORLD SAVINGS BANK,<br><br>    Defendant.<br>_____/ | No. C 12-00740 JSW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Now before the Court is the motion to dismiss filed by defendant Wells Fargo Bank, N.A f/k/a World Savings Bank, FSB ("Wells Fargo"). The Court has considered the parties' papers, relevant legal authority, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 8, 2012 is VACATED. The Court grants Wells Fargo's motion to dismiss.[1]

**BACKGROUND**

Plaintiff Ramon Guardado's property was sold at a trustee sale after he defaulted on the mortgage. (Compl. ¶ 37.) Plaintiff seeks to challenge the trustee sale and Wells Fargo's lending practices. Although Plaintiff does not provide any dates in his complaint, documents from which the Court may take judicial notice demonstrate that Plaintiff last refinanced the loan on the property at issue on May 22, 2007. (RJN, Ex. D.) On January 5, 2012, Plaintiff filed an action in which he asserts claims for unfair business practices under Business and Professions Code § 17200 ("Section 17200"), the Real Estate Settlement Procedures Act of 1974, 12 U.S.C.

---

[1] The Court GRANTS Wells Fargo's Request for Judicial Notice ("RJN"). *See* Fed. R. Evid. 201.

2601 *et seq*. ("RESPA"), the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. ("TILA"), fraud, and fraud in the inducement.  Wells Fargo now moves to dismiss Plaintiff's Complaint.

## ANALYSIS

**A.     Applicable Legal Standards for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice.  *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

**B.     Wells Fargo's Motion to Dismiss.**

Wells Fargo moves to dismiss, *inter alia*, on the grounds that all of Plaintiff's claims are barred by the statute of limitations. The statutes of limitations on Plaintiff's claims range from one to four years. *See* Cal. Bus. & Prof. Code § 17208; 12 U.S.C. § 2607; 12 U.S.C. § 2614; 15 U.S.C. § 1635(f); 15 U.S.C. § 1640(e); *Miller v. Bechtel Corp.*, 33 Cal. 3d 868, 873 (1983). Plaintiff last refinanced the loan at issue on May 22, 2007, more than four years before he filed this action in 2012. Plaintiff does not dispute these facts.

Without leave of Court, Plaintiff filed his opposition after the deadline had passed in violation of Northern District Civil Local Rule 7-3(a). Even if the Court were to consider Plaintiff's late file opposition, it does not aid him. Plaintiff only minimally addresses the statute of limitations issue and does so only with respect to his claim under TILA. Accordingly, the Court grants Wells Fargo's motion with respect to Plaintiff's claims for fraud, fraud in the inducement, and violation of Section 17200 and RESPA. With respect to his TILA claim, Plaintiff argues, without referencing any supporting facts, that the statute of limitations should be equitably tolled. Upon review of Plaintiff's complaint, the Court finds that it does not currently allege any facts which would support tolling.

To the extent Plaintiff intended to bring a claim for rescission under TILA, his time to bring such an action may not be tolled. A "borrower's right of recission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 413 (1998) (quoting 15 U.S.C. § 1635(f)). This three year period may not be equitably tolled. *See id.* at 417-18. Section 1635(f) "is a statute of repose, depriving the courts of subject matter jurisdiction when a §1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). Because more than four years separate the closing date on Plaintiff's latest loan on the property at issue and the commencement of this action, this Court lacks subject matter jurisdiction to hear any rescission claim by Plaintiff.

3

Plaintiff also seeks damages pursuant to TILA.  A damages claim under TILA is subject to a one year statute of limitations.  15 U.S.C. § 1640(e).  The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...."  *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  As noted, more than four years separate the closing date and the commencement of this action.  Therefore, the statute of limitations bars Plaintiff's damages claim under TILA, unless he can allege facts that demonstrate the statute of limitations may be equitably tolled.

The doctrine of equitable tolling may, in the appropriate circumstance, suspend the limitations period until the borrower discovers the fraud or nondisclosures that form the basis of the TILA action.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  However, "when a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate."  *Lingad v. Indymac Fed. Bank*, 682 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) (citing *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003)).  The Court will provide Plaintiff with leave to amend to allege facts in support of his argument that equitable tolling should apply.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss. However, the Court is providing Plaintiff with leave to amend to allege facts in support of his argument that equitable tolling should apply to his TILA claim.  Plaintiff shall file his amended complaint by no later than June 29, 2012.  Moreover, if Plaintiff files an amended complaint, he shall also file by June 29, 2012, a side-by-side comparison of his complaint and the amended complaint, or a redline version of the two complaints.  Plaintiff is admonished that if he fails to

///
///
///
///

4

1  file an amended complaint by June 29, 2012, all of his claims against Wells Fargo will be
2  dismissed with prejudice.
3  **IT IS SO ORDERED.**

5  Dated: June 7, 2012


JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE